UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RODNEY LEE VAUGHN, ) | CASE NO. 1:07 CV 2484 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. ) | |
| ) | |
| FEDERAL GOVERNMENT, et al., ) | |
| ) | MEMORANDUM OF OPINION |
| Defendants. ) | AND ORDER |
| ) | |

On September 5, 2007, pro se plaintiff Rodney Lee Vaughn filed the above-captioned in forma pauperis complaint against the Federal Government, Health and Human Services, the State of Ohio and Ohio Family Services. The complaint does not contain any intelligible basis in facts or law. For the reasons set forth below, this action is dismissed.

*Background*

Mr. Vaughn notes on the face page of his complaint that this case is "related to Case No. 1:05cv1015." See Vaughn v. Social Security Admin., et al., No. 1:05cv1015 (N.D. Ohio filed Apr. 21, 2005)(Manos, J.) In the 2005 case, plaintiff alleged that deductions were improperly taken

from his Social Security benefits. The court dismissed that complaint on June 15, 2005. There is no similarity, however, between the two cases beyond Mr. Vaughn's "request the appropriate alignment to court, the prior claim to impose proper structure, the advent of proper influx." (Compl. at 2.) Even a review of the previous complaint does little to bring the present complaint within the realm of the plausible. Bell Atlantic Corp. v. Twombly, __U.S.__, 127 S.Ct. 1955, 1974 (2007)( claimant must allege "enough facts to state a claim to relief that is plausible on its face" ).

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

There is no statement or reference in the complaint that sets forth this court's jurisdiction over the matter. Principles requiring generous construction of pro se pleadings are not without limits, and district courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985). To do so would "require ...[the courts] to explore

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

To the extent Mr. Vaughn even sets forth an allegation, it is in the form of a declaration. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions)

Accordingly, plaintiff's Motion to Proceed in forma pauperis is granted and this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

_____
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT COURT

FILED
OCT 30 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.

---

[2]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.